UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case 1:17-CV-21491-KMM

ALBERTO ROIZ
                    Plaintiff,
vs.

WAL-MART STORES EAST, LP.
                    Defendant.
_____/

### WAL-MART'S MOTION FOR SUMMARY JUDGMENT

Defendant, Wal-Mart Stores East, L.P., ("Wal-Mart"), hereby moves this Court for an Order granting Summary Judgment in its favor, and in support thereof, states as follows:

### I.        PRELIMINARY STATEMENT

Plaintiff filed his Complaint against Wal-Mart for negligence stemming from injuries he allegedly sustained on November 21, 2015, when he tripped on a blue wooden pallet, ("the Pallet"), and fell in the Garden Center of the subject Wal-Mart store. To sustain a cause of action for negligence under Florida law, the plaintiff must prove that (1) Wal-Mart owed a duty to the plaintiff, (2) Wal-Mart breached that duty, (3) Wal-Mart's breach caused the plaintiff's injuries, and (4) damages. Wal-Mart files the instant Motion for Summary Judgment on the basis that Plaintiff cannot prove two essential elements of his prima facie case; duty and causation.

As to duty, it is undisputed that Wal-Mart did not owe the Plaintiff a duty to warn him of the open & obvious Pallet which was not inherently dangerous and also that Wal-Mart maintained the aisle in the Garden Center where Plaintiff's incident occurred in a reasonably safe condition. As to causation, it is undisputed that Plaintiff has failed to submit sufficient expert witness disclosures of his unretained treating physicians, Dr. Roberto Moya, Dr. Jeffrey M. Gran, Dr. David Ross, and Dr. Alex Alonso as his disclosures do not comply with Federal Rule of Civil Procedure 26(a)(2)(b) or (C), and thus, Plaintiff's treating physicians are precluded from offering any causation opinions since the belated and insufficient disclosures were not justified or harmless and any causation opinions were made for purposes of litigation and not medical treatment. Without an expert to opine on legal causation, Plaintiff is unable to prove an essential element of his case. Accordingly, summary judgment in favor of Wal-Mart is proper.

## II.      SUMMARY JUDGMENT STANDARD

Summary Judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrates the absence of a genuine issue of material fact. *See Celotex Corp.*, 477 U.S. at 323; *See also Monelus v. Tocodrian, Inc.*, No. 07-61801, 2008 WL 5272171 (S.D. Fla. Dec. 16, 2008). To discharge this burden, a movant need only direct the district court's attention to the fact there is an absence of evidence to support the nonmoving party's case. *See Jeffrey v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995). Once a movant has met its burden, the burden shifts to the nonmoving party to "come forward with affirmative evidence to support its claim." *Monelus*, 2008 WL 5272171, at *1 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 252, 257 (1986)). To meet that burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party may not "rest upon the mere allegations and denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Failing to present proof concerning an essential element of the non-moving party's case renders all other facts immaterial and requires the court to grant the motion. *See Celotex Corp.*, 477 U.S. at 322.

## III.      MEMORANDUM OF LAW

### 1.   Wal-Mart Did Not Owe The Plaintiff A Legal Duty To Warn Of The Pallet And Wal-Mart Maintained Its Premises In A Reasonably Safe Condition.

A federal court siting in diversity applies the substantive law of the state in which the case arose. *See Pendergast v. Sprint Nextel Corp.*, 592 F. 3d 1119, 1132-33 (11th Cir. 2010). Thus, the principles of Florida law govern the instant case as the Plaintiff's alleged incident occurred in Miami, Florida. *See* Ex. "A" at ¶ 2. In Florida, negligence may not be inferred from the mere happening of an accident alone. *See Potash v. Orange County Lake County Club, Inc.*, 2005 WL 1073926, at *3 (M.D. Fla. 2005); *see also, Belden v. Lynch*, 126 So. 2d 578, 581 (Fla. 2d DCA 1961); *See also Stirling v. Sapp*, 299 So. 2d 850, 853 (Fla. 1969) (discussing the mere

fact that one slips and fall on a floor dos not constitute evidence of negligence). Therefore, to sustain a cause of action for negligence under Florida law, the plaintiff must prove that: (1) the defendant owed a *duty* to the plaintiff, (2) the defendant breached that duty, (3) the defendant's breach was the *cause of the plaintiff's injuries*, and (4) damages. *See Potash,* 2005 WL 1073926 at *2.

Under Florida law, a landowner, like Wal-Mart, owes only two duties to a business invitee; (1) to use reasonable care in maintaining its premises in a reasonably safe condition; and (2) to give the invitee warning of concealed perils that are or should be known to the landowner and that are unknown to the invitee and cannot be discovered through the exercise of due care. *Id; Aventura Mall Venture v. Olson,* 561 So.2d 319, 320 (Fla. 3rd DCA 1990). The open and obvious danger doctrine provides however that a premises owner is not liable for injuries to an invitee caused by a dangerous condition on the premises when the danger is *known or obvious to the injured party, unless the premises owner should anticipate the harm* despite the fact that the dangerous condition is open and obvious. *See Wolf v. Sam's East, Inc.,* 132 So.3d 305, 307 (Fla. 4th DCA 2014).

Florida courts have explained that a premises owner is not responsible for preventing any and all injuries to its invitees even when caused by conditions on the property because some "conditions are so obvious and not inherently dangerous that they can be said, as a matter of law, not to constitute a dangerous condition. *See Denson v. SM-Planters Walk Apartments,* 183 So.3d 1048, 1051 (Fla. 1st DCA 2015); *see also Potash,* 2005 WL 1073926, at 2 ("it is well-established under Florida law that some condition are simply so open and open, so common and so ordinarily innocuous, that they can be held as a matter of law to not constitute a hidden dangerous condition"); *Circle K Convenience Stores, Inc., v. Ferguson,* 556 So.2d 1207, 1208 (Fla. 5th DCA 1990) (discussing same); *Arnoul v. Busch Entertainment Corp.,* 2008 WL 4525106, at *2 (M.D. Fla. 2008) (discussing same and explaining that "merely being on another's property when injured . . . does not automatically allow a person to shift the fault for accidents caused by his own negligence"); *Schoen v. Gilbert,* 436 So.2d 75, 76 (Fla. 1983)(the Florida Supreme court explained *"there is no duty to issue warning of such condition where it is obvious and not inherently dangerous"*); *Earley v. Morrison Cafeteria Co. of Orlando*, 61 So.2d 477, 478 (Fla. 1952) (discussing it is well settled that a premises owner has a right to assume that the invitee will perceive that which is *or would be* obvious to him upon the ordinary

3

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

use of his own senses) (citing *Miller v. Shull*, Fla., 48 So.2d 521, 522 (Fla. 1950) (the law does not require a proprietor of a public place to maintain his premises in such condition that an accident could not possibly happen to a customer)); *Bryant v. United States*, 2010 WL 11507557, at *5 (M.D. Fla., 2010) (discussing a business owner is entitled to assume that the invitee will perceive that which would be obvious to him upon the ordinary use of his own senses and is not required to give the invitee notice or warning of an obvious danger); *City of Melbourne v. Dunn*, 841 So. 2d 504, 505 (Fla. 5th Dist. Ct. App. 2003) ("An owner of land is not required to give an invitee warning of an obvious danger, and is entitled to assume an invitee will perceive something obvious."); *Aaron v. Logro Corp.,* 226 So.2d 8, 9 (Fla. 3rd DCA 1969) (discussing an invite owes a duty to herself to see and observe that which would be obvious to her upon the ordinary use of her senses and to exercise a reasonable degree of care for her own safety).

> **A.**     **Wal-Mart Owed No Duty To The Plaintiff To Warn Of The Pallet Which Was Open And Obvious, Not Inherently Dangerous, And Which the Plaintiff *Should Have* Observed Prior To His Incident.**

Wal-Mart had no duty to warn the Plaintiff of the Pallet on the floor because it was not an inherently dangerous condition, it was not hidden from plain sight, and the Plaintiff should have observed it prior to his incident had he been attentive or used his common senses. Any argument by Plaintiff that he did not see the Pallet prior to his incident is neither determinative, nor material to this Court's analysis, as Florida courts routinely grant summary judgment when record evidence demonstrates the condition was plainly visible and the plaintiff would have observed the condition through the ordinary use of his senses. *See Blakely v. Wal-Mart Stores East, L.P.,* 2015 WL 4529616, at *1 (N.D. Fla. 2015).

For example, in *Blakely v. Wal-Mart Stores East, L.P.,* the plaintiff filed a negligence claim in connection with a trip and fall over a temporary clothing rack that ***he did not see prior to his incident*** but which was being used by an employee in the aisle to unload merchandise onto a shelf at the time of the incident. *See Blakely,* 2015 WL 4529616, at *1. The court granted plaintiff's motion for summary judgment finding that Wal-Mart did not have a duty to warn the plaintiff of the temporary clothing rack in the aisle because it was an open & obvious condition which was not dangerous and there was no record evidence that the store failed to maintain the aisle in a reasonably safe condition. *Id.* at *2-4. The court was persuaded that the temporary clothing rack in the aisle was an open & obvious condition for which Wal-Mart had no duty to

4

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

warn because (i) the clothing rack and its base were not concealed or obstructed, (ii) the aisle where the accident took place was well-lit, and (iii) the clothing rack was within the plaintiff's field of vision when he entered the aisle. *Id.* at *3. Because the temporary clothing rack was an open and obvious condition, Wal-Mart had not duty to warn plaintiff about it. *Id.*

Similarly, the *Aaron v. Logro Corp* court affirmed summary judgment in favor of the defendant finding that the concrete divider that plaintiff ***did not see prior to her incident*** was an open and obvious condition for which the defendant had no duty to warn as the concrete divider was plainly visible and ***should have been seen by the plaintiff***. *See Aaron,* 226 So.2d at 8-9. There, the plaintiff exited her vehicle and took two steps towards the rear of her vehicle ***without looking down*** and tripped over a concrete divider. *Id.* at 8. Despite the fact that plaintiff did not see the divider prior to her incident, the court was persuaded that the defendant did not have a duty to warn the plaintiff of the divider because (i) the accident occurred in an brightly illuminated area in broad daylight, (ii) the parking lot floor that was covered in asphalt was in stark contrast with the yellow divider, (iii) there was sufficient room between the parking spaces for plaintiff to have walked to the rear of her vehicle without tripping over the divider, and (iv) there is nothing unusual about the use of dividers in a parking lot to divide the areas in which automobiles are to be parked. *Id.* The court explained that the divider was plainly visible and would have been seen by the plaintiff if she has been looking where she was going. *Id.* at 9.

The *Bryant v. United States* court also granted summary judgment for the defendant despite the fact that plaintiff stated ***she did not see the orange cone prior to her incident***. *Bryant,* 2010 WL 11507557, at *4-6. The plaintiff tripped and fell over an orange cone at the airport. *Id.* at *2. The court found the defendant had no duty to warn the plaintiff of the orange cone because it was an open and obvious condition which she should have observed and avoided. *Id.* at *5. The court was persuaded that the orange cone was (i) bright, (ii) large, and located in a well-lit open area of the airport. *Id.* Moreover, in the months prior to plaintiff's incident no other passenger reported an accidents or complaints with respect to the cone. *Id.* In fact, on the day of her incident other passengers walked past the cone with tripping over it. *Id.* The court concluded that the cone was ***plainly visible and could have been seen by the plaintiff had she been looking in the direction she intended to travel***. *Id.* Notably, the court explained that "[p]erfection of conduct is humanly impossible, and the law does not exact an unreasonable amount of care from anyone. The degree of care required is ordinary and reasonable care. *Id.* at *7.

Also instructive is *Potash v. Orange County Lake County Club, Inc.,* where the court affirmed summary judgment for the defendant where the Plaintiff failed to provide evidence that the defendant failed to warn of the alleged dangerous condition. *See Potash,* 2005 WL 1073926, at \*2. The *Potash* plaintiff filed a claim for negligence after he tripped on a broken tree stump and fell while he was playing golf. *Id.* at \*1. ***The Plaintiff claimed he did not see the tree stump prior to his incident*** because he was focusing on the ball. *Id.* However, ***after his incident*** he acknowledged that the tree stump was in fact protruding from the grass and was in fact visible. *Id.* at \*2. The court held the defendant owed no duty to warn the plaintiff of the tree stump as it was ***"visible to the plaintiff"*** and thus open to observation by the plaintiff in the exercise of due care. *Id.* at \*2 (emphasis added).

Similarly, in *Ramsey v. Home Depot U.S.A., Inc.,* the plaintiff filed a claim for negligence against the defendant when she tripped over a wheel stop ***that she did not see*** at the front of the parking space where her car was located prior to her incident. *See Ramsey v. Home Depot U.S.A., Inc.*, 124 So.3d at 416. The defendant moved for summary judgment, arguing that, as a matter of law, it had no duty to warn the plaintiff as the wheel stop was an open and obvious danger. *Id.* The court found the plaintiff's claim for failure to warn failed as a matter of law because the wheel stop (1) was not concealed, (2) was open and obvious, and (3) there is no duty to warn the plaintiff of an open and obvious condition which is not inherently dangerous. *Id.* at 417. The court explained the fact that the plaintiff did not see the wheel stop prior to her incident because she was not looking where she was going does not render it a dangerous condition let alone one that was not open and obvious. *Id.*

Finally, in *Aventura Mall Venture v. Olson,* the court reversed the entry of a final judgment after an adverse jury verdict, finding the defendant committed no act of negligence. *See Aventura Mall Venture,* 561 So.2d at 321. In *Aventura Mall Venture v. Olson,* the plaintiff filed a negligence claim against the defendant in connection with her slip and fall on the defendant's side walk curb ***that she did not see prior to her incident*** because she was busy chatting with her companion. *Id.* at 319. The court found instructive that on the day of the plaintiff's incident the weather was clear, the lighting was adequate, there were no foreign objects on the sidewalk, and the curb upon which plaintiff slipped and fell was ***plainly visible to the plaintiff***. *Id.* at 320. (emphasis added).

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

Based on the well-reasoned analysis in the Florida cases discussed above this Court should find that Wal-Mart did not owe the Plaintiff a duty to warn of the plainly visible and open and obvious Pallet on the floor in the aisle which Plaintiff should have seen by the use of his ordinary senses. Like in *Blakely* and *Bryant*, here, it is undisputed that the alleged dangerous condition (i) was not concealed or obstructed but rather was plainly visible to the Plaintiff who walked past the Pallet once as he traversed the aisle without incident prior to retrieving the Box [*see* Ex. "B" at 90:2-4; 108:25-109:3;110:2-4], (ii) the aisle where Plaintiff's incident occurred was brightly illuminated and well-lit [*see* Ex. "B" at 75:4-6], and (iii) the Pallet upon which Plaintiff tripped and fell was within the field of Plaintiff's vision when he entered the aisle as he testified that the aisle was clear, no individual or object obstructed his view of the entire aisle and there was no reason he should not have seen the Pallet prior to his incident [*see* Ex. "B" at 75:4-6; 108:14-19; 84:9-14;84:19-21;102:16-18;102:22-103]. *See Blakely,* 2015 WL 4529616, at *3; *Bryant,* 2010 WL 11507557, at *4-6. In fact, the Plaintiff testified that no one prevented him from seeing the Pallet prior to his incident. *See.* Ex. "B" at 109:15-25. The Plaintiff also testified the Pallet was located immediately adjacent to and next to his leg as he retrieved the Box from the top steel shelf. *Id.* at 91:15-22; 103:21-24. Sully also testified the area of Plaintiff's incident was well-lit and the Pallet was not obstructed or concealed from plain sight. *See* Ex. "C" at 19:19-20:3; 21:17-22:3. Additionally Morales, Machin and Munoz also testified that the area of Plaintiff's incident was brightly illuminated and the Pallet upon which Plaintiff tripped (and its location on the floor of the aisle) were not hidden, obstructed or concealed from plain sight. *See* Ex. "D" at 23:5-22; 38:9-39:5; 23:10-22; Ex "E" at 14:23-15:8; 16:20-24; 20:12-21:15; Ex. "F" at 82:13-22; 72:16-73:19; 78:18-80:7.

The facts of the instant case are strikingly similar to those in *Aaron v. Logro Corp.* Like *Aaron v. Logro Corp*, here, (i) the distinct contrast in colors between the blue wooden Pallet and the gray floor necessarily renders the Pallet plainly visible, (ii) the Pallet was placed against the steel shelf to allow for ample space in the aisle for customers to safely traverse, and (iii) the use of pallets in the Garden Center and store to unload merchandise onto the various shelves is an ordinary and routine practice at Wal-Mart and not an unusual occurrence. *See Aaron,* 226 So.2d at 8-9; *see also* Ex. "D" at 22:16-23:4; 39:25-40:5; 29:2-12; 41:22-42:21; Ex. "E" at 16:13-17:4; 22:17-23:5; Ex. "F" at 85:9-16; 86:5-20; 88:3-18.

Additionally, like the plaintiff in *Potash v. Orange County Lake Country Club, Inc.,* here, Plaintiff admitted that after his trip and fall incident he inspected the area to determine what caused him to trip and he concluded that the Pallet upon which he tripped and fell was in fact visible and there was no reason that he should not have seen the Pallet prior to his incident. *See See Potash,* 2005 WL 1073926, at *2; *see also* Ex. "B" at 84:9-14; 84:19-21; 102:22-103:1; 108:14-19. Moreover, the fact that **Plaintiff was not looking where he was going when he retrieved the box from the top shelf** does not render the Pallet upon which he tripped and fell a "dangerous condition." *See Ramsey,* 124 So.3d at 416. Like the *Ramsey* plaintiff who was not looking where she was going, here, the Plaintiff retrieved the Box from the top shelf and in doing so, by his own admission, obstructed his own line of sight and yet he choose to walk backwards while looking forward without first looking behind him or at where he was going. *See* Ex. "B" at 86:12-14; 92:15-22; 95:7-14. This conduct defies common sense. The record evidence demonstrates the unobstructed Pallet was plainly visible to the Plaintiff who should have seen it as it was open and obvious.

The recent decision of *Brookie v. Winn-Dixie Stores, Inc.,* is also instructive, as there, the court held that a pallet used for unloading merchandise in a retail business, which the plaintiff walked past before he tripped on it, was not an inherently dangerous condition as a matter of law. *See Brookie,* 213 So.3d 1129 (Fla. 1st DCA 2017). The court held the defendant owned no duty to warn the plaintiff of the open and obvious condition that was not inherently dangerous (*i.e* the pallet) because the defendant's knowledge of the pallet was not superior to the plaintiff's. *Id.* The court explained that, even assuming the pallet created a dangerous condition, the plaintiff had a duty to avoid the pallet which he observed twice before his incident. *Id.* at 1134. The court affirmed summary judgment, finding that the defendant had no greater knowledge of the pallet than the plaintiff, and therefore, had no duty to warn the plaintiff of the pallet. *Id.* at 1134-1135.

The court further noted that "even if the pallet's location was inherently dangerous, **which it was not**, that summary judgment was properly granted, because the allegedly dangerous condition, was so open and obvious, that the Plaintiff could be "'reasonably expected to discover [the pallet] and to protect himself." *Id.* In finding for the defendant, the *Brookie* court further noted that **the receipt and stocking of items is a regular business activity of a premises owner and part of a "viable commercial enterprise**." *Id.* at 1137.

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

The principles of law discussed in *Brookie* are applicable to the instant case. Although the *Brookie* court found that plaintiff's knowledge of the pallet was equal to that of Winn-Dixie based on evidence that the plaintiff observed the pallet prior to his incident, *Brookie* is nonetheless instructive and applicable to the facts of this case because observation of the alleged dangerous condition is not the sole means by which the courts have determined that a plaintiff had equal knowledge of the dangerous condition complained of.

For example, the Eleventh Circuit Court in *Pope v. Target Corp,* held that a plaintiff, who ***did not see the dangerous condition prior to her incident, can be charged with equal knowledge of an alleged dangerous condition*** if the record demonstrates that the plaintiff is experienced in and familiar with the dangerous condition. *See Pope v. Target Corp.,* 226 Fed. App. 878, at *1. (11th Cir. 2007). The Eleventh Circuit Court of Florida was persuaded that plaintiff had equal knowledge of the clothing rack that she tripped over based on her "***admitted familiarity*" and *"previous experience"*** working with clothing racks. *See Pope v. Target Corp.,* 226 Fed. App. 878, at *1. The Court affirmed summary judgment for the defendant finding that the clothing rack base was an open and obvious condition and the plaintiff could have avoided tripping over the base of the rack through the exercise of ordinary care. *Id.* The court explained that the plaintiff had ***"equal knowledge"*** of the danger posed by the clothing rack because she was familiar with them and worked with them prior to her incident. *Id.*

Like the *Pope* plaintiff, here, the Plaintiff testified that he is experienced with working with pallets, and in fact, the Pallet that he tripped over at Wal-Mart was ***similar to the pallets that he worked with for approximately two years at a hardware store***. *See* Ex. "B" at 52:22-25; 53:8-13; 60:24-61:14; 61:23-25; 62:2-13; 98:19. Therefore, based on the well-reasoned analysis of the Eleventh Circuit Court in *Pope,* here, the Court should find that Plaintiff had equal knowledge of the Pallet upon which he tripped and fell based on his familiarity and prior experience working with similar pallets for approximately two years. Having determined that the Plaintiff had equal knowledge of the Pallet in the Garden Center, the principles in *Brookie* are applicable to the instant matter. Just as the *Brookie* and *Pope* defendant, here, Wal-Mart's knowledge of the Pallet was not superior to that of the Plaintiff who caused his own incident in failing to exercise reasonable care for his safety, particularly where he admittedly walked backward without looking where he was going.

Accordingly, this Court should find there can be no liability attributable to Wal-Mart as Wal-Mart owed no duty to the Plaintiff to warn him of the Pallet under these facts as Wal-Mart's knowledge of the Pallet was not superior to that of the Plaintiff who was familiar with and experienced in working with similar pallets in a shopping store, and the unobstructed Pallet was plainly visible to the Plaintiff who could have observed the Pallet through the use of his ordinary senses when he walked past it the first time and if he did not walk backwards without first looking behind him. Even drawing every reasonable inference in favor of the Plaintiff, Wal-Mart is entitled to summary judgment in its favor as a matter of law as Wal-Mart owed no duty to warn the Plaintiff of the Pallet which was plainly visible to him as, by his own admission, there was no reason that he should not have observed the pallet prior to his incident. *See* Ex. "B" at 108:14-19; 109:15-25; 78:23-79:1.

**B.    Wal-Mart Maintained Its Premises In A Reasonably Safe Condition.**

There are two types of obvious conditions which will both discharge the duty to warn and will not constitute a breach of a duty to maintain the premises in a reasonably safe condition as a matter of law. *Brookie*, 213 So.3d at 1132. As the court in *Brookie*, explained:

> … there are two types of obvious conditions that will not constitute a breach of a duty to maintain premises in a reasonably safe condition, to wit: 1) where the condition is so "open and obvious and not inherently dangerous"; **or** 2) where the condition may be dangerous, but is "so open and obvious that an invitee may be reasonably expected to discover them to protect himself." Thus, while many decisions speak of the duty to warn and the duty to maintain premises in a reasonably safe condition as separate and distinct duties, for analytical purposes the duties are not mutually exclusive, as ***the open and obvious nature of a condition may preclude a finding of a breach of either duty, as a matter of law.***

*Id.* at 1133 (internal citations omitted)(emphasis added).The Court in *Brookie* found that the pallet—which was open and obvious, not inherently dangerous, and previously observed by the plaintiff—did not constitute a breach of the duty to maintain the premises in a reasonably safe condition as a matter of law. *Id.* Even assuming arguendo this Court somehow finds that the Pallet was inherently dangerous, Plaintiff's claim for failure to maintain still fails because, as discussed at length above, the record is replete with evidence demonstrating that Plaintiff should have known of the open, obvious and plainly visible Pallet that was unobstructed from his plain sight as he walked past it to obtain the Box and when it was located two to three steps behind him and adjacent to his leg as he retrieved the Box from the top of the steel shelf. Wal-Mart

10

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

submits that pursuant to *Brookie,* the fact that the pallet was open and obvious necessarily renders Plaintiff's claim for failure to maintain the premises in a reasonably safe condition without merit.

Notwithstanding the open and obvious nature of the Pallet, there is no record evidence that Wal-Mart maintained its store in an unsafe condition. Rather, the undisputed evidence demonstrates Wal-Mart maintained its store in a reasonably safe condition; thereby requiring summary judgment in its favor. In *Potash v. Orange County Lake County Club, Inc.,* discussed *supra*, the court examined whether the defendant failed to maintain its golf course in a reasonably safe condition. *Id.* The court entered summary judgment in favor of the defendant explaining that there is no evidence that the defendant failed to maintain its premises in a reasonably safe condition and it could "discern no reason why defendant should be subjected to liability for a **visible tree stump** that was **not an unlikely condition to be encountered**" in the area of the golf course where the plaintiff's incident occurred. *See Potash,* 2005 WL 1073926, at 3.

In *Ramsey v. Home Depot U.S.A., Inc., supra,* the court, after finding the defendant did not have a duty to warn the plaintiff of the open and obvious wheel stop, further examined whether the defendant failed to maintain its parking lot in a reasonably safe condition. *See Ramsey,* 124 So.3d at 418. The appellate court affirmed the trial court's grant of summary judgment in the defendant's favor finding the plaintiff failed to come forward with any evidence that the defendant failed to maintain its parking lot in a reasonably safe condition. *Id.*

Similarly, in *Arnoul v. Busch Entertainment Corp.,* the plaintiff walked into a tree branch which he observed prior to his incident. *See Arnoul,* 2008 WL 4525106, at *1. The plaintiff filed a claim for negligence alleging the defendant failed to warn him of the tree branch which presented a dangerous condition and failed to maintain its premises in a reasonably safe condition. *Id.* The court entered an order granting defendant's motion for summary judgment on the basis that the plaintiff observed the branch prior to his incident, **others were able to see the branch clearly and avoided it**, **there is no evidence of other similar incidents involving the tree branch, there were no obstructions blocking the plaintiff's view of the tree branch**, and the plaintiff failed to present an evidence demonstrating that the branch posed any more than an obvious, easily avoidable, reasonable danger. *Id.* at *4. Based on those facts, the court determined the defendant did not fail to maintain its premises in a reasonably safe condition. *Id.*

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

Like the *Potash* and *Ramsey* plaintiffs, here, the Plaintiff has failed to provide any evidence whatsoever that Wal-Mart failed to maintain the Garden Center aisle in a reasonably safe condition on the day of the Plaintiff's incident. The undisputed facts demonstrate the opposite. The undisputed facts demonstrate Wal-Mart at all times took multiple reasonable measures and precautions to maintain the aisle in a reasonably safe condition. For example, the subject Pallet upon which Plaintiff tripped and fell was not located in the middle of the aisle but rather was placed against the steel shelf to prevent trip and fall hazards in the aisle and maintain its aisle in a safe condition. *See* Ex. "B" at 89:18-20; Ex. "C" at 17:15-17; 27:8-12; Ex" D" at 21:11-20; 22:6-15; Ex. "E" at 14:20-22; Ex. "F" at 67:20-25; 68:3-7; 76:11-24. In fact, the Pallet upon which Plaintiff tripped and fell was one of many pallets all of which were placed against the steel shelf in an organized, neat, and straight line so as to allow customers ample space to safely traverse the aisle and maintain the aisle in a safe condition. *See* Ex. "D" at 9:2-13; 25:5-19; Ex. "E" at 24:5-23; Ex "F" at 80:17-81:13; 83:20-23. Machin testified that placing the pallets against the steel shelf in a neat and organized manner "prevent[s] accidents" and maintains the aisle in a safe condition. *Id.* at 22:17-23:15; 24:5-23. Further, Wal-Mart takes additional measures in ensuring the aisle is maintained in safe condition by placing a shopping cart against the steel shelf immediately adjacent to the pallet for the purpose of storing empty unloaded boxes to prevent them from falling on the floor. *See* Ex. "D" at 36:3-5; 37:12-21; Ex. "E" at 26:19-27:9; Ex. "F" at 70:21-25; 71:12-25. There were no empty boxes in the aisle at the time of Plaintiff's incident. *See* Ex. "D" at 38:3-5. Further, Wal-Mart maintained the aisle in a reasonably safe condition by immediately removing empty pallets from the sales floor once the merchandise on the Pallet is unloaded. *See* Ex. "F" at 75:17-76:3. Specifically, Munoz testified that once all boxes placed on a pallet are unloaded onto the various shelves in the Garden Center, the empty pallet is immediately removed from the sales floor so as to prevent trip and fall hazards. *Id.* Like the *Potash* court, this Court should find that that there is no evidence that Wal-Mart failed to maintain its premises in a reasonably safe condition court and there is "no reason why [Wal-Mart] should be subjected to liability for a visible [Pallet which the Plaintiff should have observed, which ***was not] "an unlikely condition to be encountered***" in the aisle of a shopping store like Wal-Mart where the plaintiff's incident occurred. *See Potash,* 2005 WL 1073926, at 3. This is particularly true where it is a common and regular occurrence at Wal-Mart that its employees unload merchandise from boxes placed on pallets in the Garden Center and

the entire store. *See* Ex. "D" at 29:2-12; 41:22-21; Ex. "E" at 29:1-30:13; Ex. "F" at 85: 9-16; 86:5-20; 88:3-18. Additionally, at no time was the Pallet upon which Plaintiff tripped and fell left unattended or unsupervised as a Garden Center Associate remained in the Garden Center at all times prior to Plaintiff's incident unloading merchandise from the pallet and placing same on the various shelves located throughout the Garden Center. *See* Ex. "D" at 27:11-28:6; 35:1-9; Ex. "E" at 4:4-7; 17:13-23; 16:16-22.  Further, like the *Arnoul* plaintiff, here, the Plaintiff testified he walked past the Pallet and avoided it once prior to his incident, and there were no obstructions blocking his view of the Pallet at any pertinent time. *See* Ex. "B" at 110:2-4; 90:2-4; 108:25-109:3. In fact, the Plaintiff admitted no one prevented him from seeing the Pallet or its location prior to his incident and there was no reason that he should not have observed the Pallet in the aisle prior to his incident. *Id.* at 90:2-4;108:14-19; 108:25-109:3; 109:15-25.

Significantly, there is no evidence of any similar incidents involving a trip and fall on a pallet. *See* Ex. "G" at 14.  Thus, there is no record evidence that pallets in the store constituted a regular tripping hazard such that Plaintiff's incident was foreseeable.  *See McAllister v. Robbins,* 542 So.2d 470, 471 (Fla. 1st DCA 1989) (affirming summary judgment for the defendants finding the defendants were not liable as there was no evidence that the blocks created an unsafe condition or that anyone else had experienced any difficulty with them over the [seventeen] 17 years they had been in place); *Miranda v. Home Depot, Inc.,* 604 So.2d 1237, 1239 (Fla. 3rd 1992) (affirming the trial court's order granting defendant's motion for summary judgment finding it was neither probable nor foreseeable that the plaintiff would injure herself in the manner in which she did, and thus, there was no breach of duty in failing to warn the plaintiff) (emphasis added); *see e.g.  Bennett v. Mattison,* 382 So.2d 873, 875 (Fla. 1st DCA 1980) (the court found the repeated verbal and written warnings that the area was slippery and dangerous put the defendant on notice of the recurring nature of the problem).

Here, the Plaintiff has presented no evidence whatsoever that trip and fall incidents on pallets in the store occurred with regularity and was therefore foreseeable. *See MCAllister,* 542 So.2d at 471; *Miranda,* 604 So.2d at 1239. The Plaintiff testified he has no knowledge of any prior trip and fall incidents involving a pallet at the store. *See* Ex. "B" at 73:4-12. Sullyn also testified that she has frequented the Wal-Mart store on a number of occasions prior to the Plaintiff's incident and has never seen or heard of any trip and fall incidents involving a pallet occurring at the store prior to the Plaintiff's incident. *See* Ex. "C" at 11:2-12:8. Further, Wal-

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

Mart's employees, Morales, Machine and Munoz have all testified that in their respective years of experience at the store none of them have reported to, seen or heard of any trip and fall incidents involving a pallet occurring at the store prior to the Plaintiff's incident. *See* Ex. "D" at 40:15-20; Ex. "E" at 13:13-22; Ex. "F" at 66:24-67:19; *see also* Wal-Mart's Answers to Interrogatories, No. 14, Ex. "G" (responding "There have been no substantially similar trip and fall incidents involving a wooden pallet on the Floor of the Garden Center . . ." in the three years prior to Plaintiff's incident).

Further, Morales, Machine and Munoz have testified they did not anticipate or foresee Plaintiff's incident particularly given that the Pallet and its location on the floor was plainly visible, unobstructed, and not located in the middle of the aisle. *See* Ex. "D" at 41:6-11; Ex. "E" at 27:10-28:6; Ex. "F" at 84:8-85:8. Notably, no customer or employee tripped and fell on the Pallet (or any of the other pallets in the aisle) prior to, or after, the Plaintiff's incident even though pallets being in the store was a regular occurrence. *See* Ex. "D" at 24:18-25:3; Ex. "E" at 25:5-13. Therefore, when viewing the evidence in the light most favorable to the Plaintiff, there can be no liability attributable to Wal-Mart on the basis of failure to maintain or foreseeability as the Plaintiff has failed to provide any competent evidence of unreasonable maintenance or similar trip and fall incidents involving pallets in the Garden Center (or anywhere on the premises). Accordingly, summary judgment for Wal-Mart is proper.

### 2. Plaintiff Cannot Prove Medical Causation Through Expert Testimony.

On November 28, 2017, the Plaintiff *untimely* disclosed his unretained treating physicians, Dr. Roberto Moya, ("Moya"), Dr. Jeffrey M. Gran, ("Gran"), Dr. David Ross, ("Ross"), and Dr. Alex Alonso, ("Alonso"), *all of which are precluded from offering causation testimony at trial* as the Plaintiff has failed to comply with the expert disclosure requirements of Federal Rule of Civil Procedure 26 and such failure is unjustified and prejudicial to Wal-Mart. *See* [D.E. 60] attached as Ex. "H".[1] Accordingly, the Plaintiff is unable to prove yet another essential element of his prima facie case (ie. Causation). Pursuant to this Court's Scheduling Order [D.E. 9] trial in this matter is set to commence on February 20, 2018. The Court's Scheduling Order did not provide a date certain for the filing of expert disclosures, and thus,

---

[1] Wal-Mart has filed it Motion to Strike Plaintiff's Expert Disclosures and limit Plaintiff's treating physicians to lay opinion testimony, which, if Granted leaves Plaintiff without any expert witnesses to provide a causation opinion.

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

pursuant to Federal Rule of Civil Procedure 26(a)(2)(D)(i) the parties were required to serve their respective expert disclosures by November 22, 2017. *See* Fed. R. Civ. P. 26(a)(2)(D)(i) ("absent a stipulation or a court order, the [expert] disclosures must be made at least 90 days before the date set for trial . . ."). Federal Rule of Civil Procedure 26(a) sets forth requirements for disclosing expert testimony. *See In re Denture Cream Products Liab. Litig*., 2012 WL 5199597 (S.D. Fla. 2012). Parties must identify any witnesses they "may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." *Id.* Rule 26 differentiates between disclosures of witnesses who must provide a written report, and those who do not. *Id.*

A full written report is required from an expert who is specifically retained to provide expert testimony. Fed. R. Civ. P. 26(a)(2)(B) provides, in part, that if "the witness is one retained ***or specially employed to provide expert testimony*** in the case . . ." the disclosure must be supplemented by a written report. *Id.* More specifically, Federal Rule of Civil Procedure 26(a)(2)(B) requires Plaintiff to provide, in a written report, the following for each person to present expert testimony at trial: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case. *See* Fed. R. Civ. P. 26(a)(2)(B).

In contrast, when an expert is not required to provide a full written report under Rule 26(a)(2)(B), the expert disclosure requirement is considerably "less extensive" though a report of sorts is still required. *See* Fed. R. Civ. P. 26 Advisory Committee Notes (2010 Amendments). If the expert witness is not required to provide a written report pursuant to Rule 26(a)(2)(B), Plaintiff's expert disclosures must state "the subject matter on which the witness expected to present evidence" and "a summary of facts and opinions to which the witness is expected to testify." *See* Fed. R. Civ. P. 26(a)(2)(C). In this case, Plaintiff's expert witness disclosures did not comply with either Rule 26(a)(2)(B) or Rule 26(a)(2)(C), and thus, Dr. Moya, Dr. Gran, Dr. Ross, and Dr. Alonso are precluded from testifying as expert witnesses including offering causation testimony.  *See In re Denture Cream Products Liab. Litig*., 2012 WL 5199597 at * 4-5; *See* Fed. R. Civ. P. 37(c)(1), when "a party fails to provide information or identify a witness as

required by [Fed.R.Civ.P.] 26(a) or (e), the party is **not allowed to use that information or witness** to **supply evidence** on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Mitchell v. Ford Motor Co.,* 318 Fed. Appx. 821, 824 (11th Cir. 2009); *Jones v. Disc. Auto Parts, LLC,* 2017 WL 1396477, at *7 (M.D. Fla. 2017); *Brown v. NCL (Bahamas) Ltd*., 190 F. Supp. 3d 1136, 1142–43 (S.D. Fla. 2016). Accordingly, summary judgment in favor of Wal-Mart is proper as Plaintiff is unable to prove causation; an essential element of his prima facie case.

### A.    Plaintiff's Unjustified And Harmful Failure To Comply With Rule 26(A) Necessarily Precludes His Treating Physicians From Offering Causation Testimony At Trial.

The Plaintiff's expert disclosures should be stricken and the Plaintiff's treating physicians precluded from offering expert testimony including any causation opinions as the Plaintiff has, without justification, failed to comply with the reporting requirements of Rule 26(a). In determining whether a Rule 26(a)(2)(B) or a Rule 26(a)(2)(C) expert report is required, the label of "treating physician" is irrelevant; instead, the determination turns on the substance of the physician's testimony". *See In re Denture Cream Products Liab. Litig*., 2012 WL 5199597 at * 4 (citing *Singletary v. Stops, Inc.,* 2010 WL 3517039, at *6 (M.D. Fla. 2010). When a treating physician testifies regarding opinions "formed and based upon observations made during the course of treatment," the treating physician need not produce a Rule 26(a)(2)(B) report. *Id.* (citing *Jensen v. Carnival Corp*., 2011 U.S. Dist. LEXIS 108727, at *3 (S.D. Fla. 2011). By contrast, *treating physicians offering opinions beyond those arising from treatment are experts from whom full Rule 26(a)(2)(B) reports are required*. Id.; see also Goodman v. Staples The Office Superstore, LLC, 644 F.3d 817, 826 (9th Cir.2011) (*requiring a written report from treating physicians who give expert testimony beyond the scope of the treatment* rendered and review information provided by attorneys in rendering their opinions); *Meyers v. National R.R. Passenger Corp. (Amtrak* ), 619 F.3d 729, 734–35 (7th Cir. 2010); *Meredith,* 2012 WL 3025139, at *5 ("A witness must submit a report regarding any opinions formed specifically in anticipation of litigation, or otherwise outside the normal course of a duty." (citations omitted)); *see also Henderson*, 409 F.3d at 1300; *see also Schneider v. Hertz Corp.*, 2007 WL 1362743, *1 (M.D. Fla. 2007) (noting that when the doctor's opinion goes beyond the facts disclosed during care and treatment of a patient, the doctor is subject to the requirements of Fed. R. Civ. P.

16

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

26(a)(2)(B), and "Rule 26 focuses on the substance of the testimony rather than the status of the witness.").

For example, in *In re Denture Cream Products Liab. Litig*., the Plaintiffs argued that their designated experts were un-retained treating physicians for which a full written report was not required. *See In re Denture Cream Products Liab. Litig.*, 2012 WL 5199597 at * 4-5. The Court noted the title "treating physician" does not carry the day for Plaintiffs; instead, Plaintiffs must show the substance of such designated experts' testimony does not require a full written report. *Id.* at *5 (citing *Singletary v. Stops, Inc.,* 2010 WL 3517039, at *6 (M.D. Fla. 2010)).  The Court held **"[i]nasmuch as Plaintiffs' treating physicians are opining on causation—either specific or general—Defendants are entitled to full Rule 26(a)(2)(B) reports** because such opinions go beyond those arising from treatment." *Id.*

Here, the Plaintiff's November 28, 2017 expert witness disclosures, which were untimely filed, of Dr. Moya, Dr. Gran, Dr. Ross, and Dr. Alonso do not comply with the extensive reporting requirements of Rule 26(a)(2)(B) in that they do not include a (i) statement of all opinions Plaintiff's respective treating physicians will express and the basis and reasons for them; (ii) the facts or data considered by the treating physicians, (iii) exhibits used to summarize or support their respective opinions; (iv) the doctor's qualifications and list of publications; (v) a trial or deposition case list; not (vi) a fee schedule. Clearly, Plaintiff's three (3) page expert witness disclosures do not comply with Rule 26(a)(2)(B). Further, Plaintiff's expert witness disclosures fail to even comply with the less stringent requirements of Rule 26(a)(2)(C) as they fail to provide "a summary of facts and opinions to which [Dr. Moya, Dr. Gran, Dr. Ross, and Dr. Alonso are] expected to testify." *See* Fed. R. Civ. P. 26(a)(2)(C). Plaintiff's expert witness disclosures merely list ***the exact same subjects and topics*** that Dr. Moya (orthopedist), Dr. Gran (neuropsychologist), Dr. Ross (neurologist), and Dr. Alonso (radiologist) are expected to testify about.

For example, although Plaintiff's expert witness disclosures state Dr. Moya, Dr. Gran, Dr. Ross, and Dr. Alonso are expected to testify as to the "history, diagnosis, prognosis, and the nature and extent of [the Plaintiff's] injuries and causation of those injuries," Plaintiff utterly fails to provide a summary of opinions that the respective treating physicians have developed as to those topics and upon which facts, documents, or data they rely to come to these unknown and undisclosed opinions. The disclosure is also problematic as it makes no sense for example that

radiologist who merely interprets diagnostic imaging would be providing opinions on diagnosis, prognosis, or causation which are matters radiologists do not provide opinions on.  The same is true of Dr. Moya, Dr. Gran, Dr. Ross, and Dr. Alonso's expected testimony pertaining to "future treatment," "cost of future treatment" and "permanency." Using the radiologist as an example again, this description does not make sense or apprise Wal-Mart of anything as a radiologist traditionally does not provide opinions on medication treatment, the cost of same, or permanency.

Here, the untimely and insufficient disclosures are neither justified nor harmless as (1) they have come after Wal-Mart's timely and complete expert disclosures have been provided with detailed opinions regarding liability, causation and damages; (2) they have been provided after the close of discovery and your honor has made clear there will be no further extensions of the discovery deadline in this case; (3) Wal-Mart is therefore precluded from being able to prepare effective cross-examination of these witnesses at trial or obtain rebuttal experts in a case that is expert heavy due to the allegations of several injuries; and (4) the deadline for daubert motions is the day of this filing thus Wal-Mart will be precluded from having its right to challenge the experts in this regard unless discovery is reopened for complete disclosures and depositions.  As such, Plaintiff's failure to comply with Rule 26 without justification and with prejudice to Wal-Mart provides this Court ample cause to necessarily strike the disclosures and preclude any expert testimony from the treating doctors on causation.  *See e.g. La Gorce Palace Condo. Assoc., Inc.7. QBE Ins. Corp. 2011 WL 1522566, at *3 (S.D. Fla. Feb. 28, 2011)* (untimely expert reports not harmless where supplementing expert is given the benefit of observing opposing side's experts and expert reports and amending opinions accordingly); *Cosmo v. Carnival Corp.*, No. 16-22933-CIV, 2017 WL 4712415, at *2 (S.D. Fla. Oct. 16, 2017) (striking affidavit of expert containing new and previously undisclosed expert opinions as untimely); *Reese v. Herbert,* 527 F.3d at 1266 (noting requirements of Rule 26 are designed "to provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses"); *Graves v. Plaza Med. Centers, Corp.*, 10-23382-CIV, 2017 WL 3895438, at *4 (S.D. Fla. Sept. 6, 2017) (striking expert report filed two days before the discovery deadline and two days before expert's scheduled deposition where no leave to file report sought); *See Torres v. Wal-Mart Stores East, L.P.,* Case No. 16-60984-CIV-Lenard/Goodman, at DCF 56 (S.D. Fla. June 9, 2017).  Plaintiff's failure to comply

18

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

with Rule 26(a)(2)(B) or (C) precludes Dr. Moya, Dr. Gran, Dr. Ross, and Dr. Alonso from providing expert testimony at trial including opinions about the cause of Plaintiff's injuries.

**B.      Plaintiff Cannot Prove His Injuries Were Proximately Caused By His Incident At Wal-Mart.**

Without expert testimony that the incident caused his numerous alleged injuries, Plaintiff cannot prove his negligence claim. *Jones v. Disc. Auto Parts, LLC*, 2017 WL 1396477, * 21 (M.D. Fla. 2017), *see also Rafflo v. Gymboree Retails Stores, Inc.*, 2013 WL 3770844, at *3 n.1 (M.D. Fla. 2013) (granting summary judgment against tort claims and reasoning that it was "unclear how plaintiffs could possibly prove medical causation without any medical expert" when plaintiffs "did not disclose any experts during the necessary time period."); *Cochran v. E.I. DuPont de Nemours*, 933 F.2d 1533, 1537 (11th Cir. 1991) ("[T]he Supreme Court had held that ***[R]ule 56(c) mandates the entry of summary judgment against a party who fails to prove an essential element of the case*.") (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

In order to prevail on his claim, Plaintiff must prove a cause and effect relationship between his incident at Wal-Mart and his alleged injuries. *Barrow v. Bristol-Myers Squibb Co.*, 1998 U.S. Dist. LEXIS 23187 * 182 (Fla. M.D. 1998). The issue of medical causation is clearly one that requires specialized, technical knowledge and falls beyond the scope of layperson's knowledge. *See Jacob*, 606 Fed. Appx. at 481. To this end, Florida law provides that only expert witnesses (and specifically, medical doctors) can render medical causation opinions. *See Upjohn Co. v. MacMurdo*, 562 So. 2d 680, 683 (Fla. 1990). In *Jacob*, the Eleventh Circuit affirmed a summary judgment against a claim that the plaintiff sustained long-term diabetic and cardiac injuries as a result of airline travel. *Jacob*, 606 Fed. Appx. at 481. The court reasoned that the plaintiff "failed to submit any medical-expert evidence at all" to prove "that any of the alleged 'accidents' caused or even contributed to his injuries." *Id*. In reaching this conclusion, the Eleventh Circuit reasoned that medical causation presents technical and scientific issues "requiring specialized knowledge of an expert medical witness." *See Wingster v. Head*, 318 Fed. Appx. 809, 815 (11th Cir. 2009); *Allison v. McGahn Med. Corp.*, 184 F.3d 1300, 1320 (11th Cir. 1999); *Drury v. Cardiac Pacemakers, Inc*. 2003 WL 23319650, at *4 (M.D. Fla. June 3, 2003) ("to establish causation, expert testimony is necessary); *Marking v. Novartis Pharm. Corp.*, No. 00-9108-CV, 2002 WL 32255405, at *3 (S.D. Fla. Feb 12, 2002) ("[p]laintiffs are required to introduce expert testimony to establish medical causation").

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

Indeed, in the negligence context under Florida law, lay testimony is legally insufficient to support a finding of causation where medical condition is not readily observable. *Jones*, 2017 WL 1396477 at * 2 (citing *Rementer v. United States*, 2015 WL 5934522, at *3 (M.D. Fla. Oct. 9, 2015) (quoting *Jones v. Royal Caribbean Cruises*, *Ltd*., 2013 WL 8695361, at *6 (S.D. Fla. 2013)).  *Jones* held that back pain and other soft tissue injuries are not readily observable medical conditions and require the use of expert testimony on medical causation. *Id*.

Because Plaintiff failed to provide expert witness disclosures that complied with either Rule 26(a)(2)(B) or (C) his unretained treating physicians, Dr. Moya, Dr. Alonso, Dr. Ross, and Dr. Gran are precluded from offering causation opinions not based on personal knowledge but rendered for litigation.  Consequently, Plaintiff cannot prove causation and summary judgment is therefore proper in Wal-Mart's favor.  *See Jacob*, 606 Fed. Appx. at 481; *Rafflo*, 2013 WL 3770844, at *3, n.1 (granting summary judgment against premises liability claims and reasoning that absent expert testimony from a "medical expert", it was "unclear how [p]laintiffs could possibly prove medical causation.); *Kilpatrick v. Breg, Inc*., 613 F.3d 1329, 1334 n.4 (11th Cir. 2010) (affirming summary judgment); *Guinn v. AstraZeneca Pharm, LP*, 602 F.3d 1245, 1256 (11th Cir. 2010) (affirming summary judgment).

## IV.    CONCLUSION

Based on the foregoing, this Court should enter an order Granting Wal-Mart's Motion for Summary Judgment because there is no genuine issue of material fact regarding whether: (1) Wal-Mart owed the Plaintiff a to duty warn of the Pallet which he should have observed based on his own admission that (a) the Pallet was unobstructed, plainly visible and there was no reason that he should not have observed the pallet prior to his incident, (b) the Pallet was located on the floor immediately next to his leg as he retrieved the Box from the steel shelf, and (c) he walked past the Pallet without incident prior to his trip and fall; (2) Wal-Mart maintained the Garden Center aisle and store in a reasonably safe condition; (3) there have been substantially similar incidents in the store; and (4) Plaintiff's untimely expert disclosures fail to comply with Federal Rule of Civil Procedure 26(a)(2)(B) or (C), thus, necessarily precluding Plaintiff's treating physicians from offering causation opinions regarding Plaintiff's injuries. Consequently, Plaintiff is unable to prove duty, breach or causation in this case. Thus, a finding by the Court that **any** or all of these elements of Plaintiff's negligence claim are not met necessitates summary judgment in Wal-Mart's favor.

CASE NO.: 1:17-CV-20419-CIV-KMM

**Dated: December 4, 2017**

Respectfully Submitted,

/s/ Schuyler A. Smith
Jerry D. Hamilton, Esq.
Florida Bar No. 970700
jhamilton@hamiltonmillerlaw.com
Schuyler A. Smith, Esq.
Florida Bar No. 70710
ssmith@hamiltonmillerlaw.com
Patricia Concepcion, Esq.
Florida Bar No. 109058
pconcepcion@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
*Attorneys for Wal-Mart Stores East, LP*
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131-2332
Telephone:    (305) 379-3686
Facsimile:    (305) 379-3690

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 4, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record or *pro se* parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

/s/ Schuyler A. Smith
Schuyler A. Smith, Esq.

## SERVICE LIST

Irwin Ast, Esq.
LAW OFFICE OF IRWIN AST
2250 SW 3rd Avenue, Suite 302
Miami, Florida 33129
Telephone: (305) 307-5208
irwin@astlawfirm.com
pleadings@astlawfirm.com
*Attorney for Plaintiff*